Last revised: August 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

IN RE: **Kenneth M. Frank**
**Kim B. Frank**

Case No.: **15-12477**
Judge:

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS - AMENDED

☐ Original          ■ Modified/Notice Required          Date:
☐ Motions Included  ☐ Modified/No Notice Required

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.**

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

■ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ■ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ■ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **kf**     Initial Debtor: **KMF**     Initial Co-Debtor **KBF**

### Part 1: Payment and Length of Plan

a. The debtor shall pay **1,112.00 Monthly*** to the Chapter 13 Trustee, starting on **March 1, 2015** for approximately **60** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ■ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection        **X NONE**

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Kevin Fayette, Esquire KF1039** | **Attorney Fees** | **2,500.00** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
   Check one:
   ■ None
   ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

2

**Part 4: Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ■ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ■ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

3

**e. Surrender** ■ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ■ NONE

The following secured claims are unaffected by the Plan:

Creditor

**g. Secured Claims to be Paid in Full Through the Plan** ☐ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **Discover** | **2321 Burroughs Avenue Northfield, NJ 08225**  **Purchased by Debtors in January, 2011 for $288,000.00** | 9,915.00 |

## Part 5:  Unsecured Claims       X NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐  Not less than $____ to be distributed *pro rata*

☐  Not less than ___ percent

■  *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6:  Executory Contracts and Unexpired Leases      X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7:  Motions      X NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form,** *Notice of Chapter 13 Plan Transmittal,* **within the time and in the manner set forth in D.N.J. LBR 3015-1.** *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

4

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ■ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ■ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ■ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

### Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   ■ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) **Ch. 13 Standing Trustee Commissions**
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

d. **Post-Petition Claims**

The Standing Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C.

5

Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification    ■ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **9/17/15**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **Debtors sold their residence located at 2321 Burroughs Avenue, Northfield, NJ 08225** | **Debtors sold their residence located at 2321 Burroughs Avenue, Northfield, NJ 08225.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ■ No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures
☐ NONE
■ Explain here:
**\*This plan is a step plan or has lumpsum payments as follows: $1,112.00 per month for 39 months, then $920.00 per month for 21 months
Student Loans are presently in Forebearance**

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

| Date | **May 7, 2018** | **/s/ Kevin Fayette, Esquire KF1039** |
|---|---|---|
| | | **Kevin Fayette, Esquire KF1039** |
| | | Attorney for the Debtor |
| Date: | **May 7, 2018** | **/s/ Kenneth M. Frank** |
| | | **Kenneth M. Frank** |
| | | Debtor |
| Date: | **May 7, 2018** | **/s/ Kim B. Frank** |
| | | **Kim B. Frank** |
| | | Joint Debtor |

### Signatures

The Debtor(s) and the attorney for the Debtor(s) if any, must sign this Plan.

| Date | **May 7, 2018** | **/s/ Kevin Fayette, Esquire KF1039** |
|---|---|---|
| | | **Kevin Fayette, Esquire KF1039** |
| | | Attorney for the Debtor |

I certify under penalty of perjury that the above is true.

| Date: | **May 7, 2018** | **/s/ Kenneth M. Frank** |
|---|---|---|
| | | **Kenneth M. Frank** |
| | | Debtor |
| Date: | **May 7, 2018** | **/s/ Kim B. Frank** |
| | | **Kim B. Frank** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Joint Debtor

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                           Best Case Bankruptcy
Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 15-12477-JNP
Kenneth M. Frank                                                        Chapter 13
Kim B. Frank
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin              Page 1 of 2             Date Rcvd: May 15, 2018
                              Form ID: pdf901          Total Noticed: 27

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 17, 2018.
```
db/jdb         #+Kenneth M. Frank,    Kim B. Frank,    2321 Burroughs Avenue,    Northfield, NJ 08225-1063
r               +Matthew Bader,    Berger Realty,    3160 Asbury Avenue,    Ocean City, NJ 08226-2230
515326944       +AES,    P.O. Box 61047,    Harrisburg, PA 17106-1047
515545256        American InfoSource LP as agent for,    DIRECTV, LLC,    PO Box 51178,
                 Los Angeles, CA 90051-5478
515326949      ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
                 (address filed with court:   FIA Card Services,    PO Box 15726,    Wilmington, DE 19886-5726)
515326946       +Bank of America,    PO Box 17054,    Wilmington, DE 19850-7054
515326945        Bank of America,    PO Box 5170,    Simi Valley, CA 93062-5170
515563600        Bank of America, N.A.,    P.O. Box 660933,    Dallas, TX 75266-0933
515326947        Citi Cards,    PO Box 182532,    Columbus, OH 43218
515326948       +Discover,    C/O Peter Fish, Esq,    1101 Laurel Oak Road,    Suite 130,    Voorhees, NJ 08043-4322
516294028        Educational Credit Management Corporation,    PO Box 16408,    St. Paul, MN 55116-0408
516294029        Educational Credit Management Corporation,    PO Box 16408,    St. Paul, MN 55116-0408,
                 Educational Credit Management Corporatio,    PO Box 16408,    St. Paul, MN 55116-0408
515326950       +Kivitz McKeever Lee, P.C.,    701 Market Street,    Suite 5000,    Philadelphia, PA 19106-1541
515374576       +PHEAA,    PO Box 8147,    Harrisburg, PA 17105-8147
516412625       +PennyMac Loan Services, LLC as servicer for,    Bank of America, N.A.,
                 6101 Condor Drive, Suite 200,    Moorpark, CA 93021-2602
516412626       +PennyMac Loan Services, LLC as servicer for,    Bank of America, N.A.,
                 6101 Condor Drive, Suite 200,    Moorpark, CA 93021,    PennyMac Loan Services, LLC as servicer,
                 Bank of America, N.A. 93021-2602
515326952        US Department of Education,    P.O. Box 530260,    Atlanta, GA 30353-0260
515377079        Wells Fargo Bank, N.A.,    P.O. Box 19657,    Irvine, CA 92623-9657
515326953        Wells Fargo Dealer Services,    P.O. Box 25341,    Santa Ana, CA 92799-5341
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov May 15 2018 23:23:26     U.S. Attorney,    970 Broad St.,
                Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 15 2018 23:23:20     United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                Newark, NJ 07102-5235
515347035       E-mail/Text: mrdiscen@discover.com May 15 2018 23:22:39     Discover Bank,
                Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
515563074       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 15 2018 23:31:11
                Portfolio Recovery Associates, LLC,    c/o Lowes Project Card,    POB 41067,    Norfolk VA 23541
515563083       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 15 2018 23:31:36
                Portfolio Recovery Associates, LLC,    c/o Radio Shack,    POB 41067,    Norfolk VA 23541
515563019       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 15 2018 23:30:47
                Portfolio Recovery Associates, LLC,    c/o Sears Charge Plus,    POB 41067,    Norfolk VA 23541
515467274       E-mail/Text: bnc-quantum@quantum3group.com May 15 2018 23:23:14
                Quantum3 Group LLC as agent for,    RaZor Capital I LLC,    PO Box 788,
                Kirkland, WA 98083-0788
515326951      +E-mail/PDF: gecsedi@recoverycorp.com May 15 2018 23:30:41     Synchrony Bank/Lowes,
                P.O. Box 965004,    Orlando, FL 32896-5004
                                                                                               TOTAL: 8
```

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 17, 2018                              Signature:   /s/Joseph Speetjens

```
District/off: 0312-1            User: admin               Page 2 of 2               Date Rcvd: May 15, 2018
                                Form ID: pdf901           Total Noticed: 27
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 15, 2018 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    BANK OF AMERICA, N.A.
               bankruptcynotice@zuckergoldberg.com,  bkgroup@kmllawgroup.com
              Isabel C. Balboa    ecfmail@standingtrustee.com,  summarymail@standingtrustee.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Joshua I. Goldman    on behalf of Creditor    BANK OF AMERICA, N.A. jgoldman@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Kevin C. Fayette    on behalf of Debtor Kenneth M. Frank kfayette@kevinfayette.com
              Kevin C. Fayette    on behalf of Joint Debtor Kim B. Frank kfayette@kevinfayette.com
              William M. E. Powers, III    on behalf of Creditor    PennyMac Loan Services, LLC as servicer for
               Bank of America, N.A. ecf@powerskirn.com
              William M.E. Powers    on behalf of Creditor    PennyMac Loan Services, LLC as servicer for Bank of
               America, N.A. ecf@powerskirn.com
              William M.E. Powers, III    on behalf of Creditor    PennyMac Loan Services, LLC as servicer for
               Bank of America, N.A. ecf@powerskirn.com
                                                                                             TOTAL: 9
```